

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -2  AM 8: 29

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD LEBOEUF #315873** | **CIVIL ACTION** |
| **versus** | **NO. 04-3355** |
| **BURL CAIN, WARDEN** | **SECTION: "F" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Fee
Process
Dktd
CtRmDep
Doc No

Petitioner, Gerald LeBoeuf, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On November 9, 1995, he was convicted of aggravated rape and aggravated crime against nature in violation of La.Rev.Stat.Ann §§ 14:42 and 89.1.[2]  On March 29, 1996, he was sentenced to a term of life imprisonment on the aggravated rape conviction.  On that same date, he additionally pled guilty to being a second offender and was sentenced as such on the aggravated crime against nature conviction to a term of thirty years imprisonment.  It was ordered that his sentences be served concurrently and without benefit of parole, probation, or suspension of sentence.[3]  On December 18, 1996, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[4]  He then filed with the Louisiana Supreme Court an application for a writ of certiorari and review[5] which was denied on May 30, 1997.[6]

On or after April 17, 1998, petitioner filed with the state district court an application for post-conviction relief [7] which was denied on May 12, 1998.[8]  Petitioner then filed with the

---

[2] State Rec., Vol. V of VIII, transcript of November 9, 1995, p. 294; State Rec., Vol. I of VIII, minute entry dated November 9, 1995; State Rec., Vol. I of VIII, jury verdict forms.

[3] State Rec., Vol. IV of VIII, transcript of March 29, 1996; State Rec., Vol. I of VIII, minute entry dated March 29, 1996; State Rec., Vol. I of VIII, guilty plea form.

[4] State v. LeBoeuf, No. 96-KA-1144 (La. App. 4th Cir. Dec. 18, 1996) (unpublished); State Rec., Vol. I of VIII.

[5] State Rec., Vol. VII of VIII.

[6] State v. LeBoeuf, 694 So.2d 245 (La. 1997) (No. 97-KO-0163); State Rec., Vol. VII of VIII.

[7] State Rec., Vol. I of VIII.  The state record does not contain a date stamped copy of that filing; however, it could not have been filed prior to April 17, 1998, the date on which petitioner signed it. In the absence of other evidence regarding the actual date of filing, the Court, for the purposes of this decision, will consider the application to have been filed on April 17, 1998.

[8] State Rec., Vol. I of VIII, minute entry dated May 12, 1998.

Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ and/or review.[9]  That application was denied on June 26, 1998.[10]  He then filed with the Louisiana Supreme Court an application for a writ of certiorari[11] which was denied on December 18, 1998.[12]

On or after October 8, 2002, petitioner filed with the state district court a second post-conviction application.[13]  Because the state district court failed to rule on that application, petitioner filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus.[14]  Construing that filing as an application for a supervisory writ, the state intermediate appellate court denied the application on March 24, 2003, holding: "Consideration of relator's claims is barred by the time limitations of La. C.Cr.P. art. 930.8.  Additionally, relator is procedurally barred from raising on post conviction relief if he could have done so in a prior application or on appeal.  La.

---

[9] State Rec., Vol. VI of VIII.

[10]  State v. LeBoeuf, No. 98-K-1488 (La. App. 4th Cir. June 26, 1998) (unpublished); State Rec., Vol. VI of VIII.

[11]  State Rec., Vol. VIII of VIII.

[12]  State ex rel. LeBouef [sic] v. State, 732 So.2d 53 (La. 1998) (No. 98-KH-2213); State Rec., Vol. I of VIII.

[13]  State Rec., Vol. I of VIII.  The state record does not contain a date stamped copy of that filing; however, it could not have been filed prior to October 8, 2002, the date on which petitioner signed it.  In the absence of other evidence regarding the actual date of filing, the Court, for the purposes of this decision, will consider the application to have been filed on October 8, 2002.

[14]  State Rec., Vol. VI of VIII.

C.Cr.P. art. 930.4"[15] Petitioner then filed with the Louisiana Supreme Court an application for a writ of certiorari[16] which was denied on September 3, 2004.[17]

On November 12, 2004, petitioner filed his application for federal *habeas corpus* relief, contending that the prosecution failed to disclose information favorable to the defense and knowingly permitted witnesses to testify falsely.[18]  The state argues that petitioner's application should be dismissed on the ground that it is untimely.[19]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[15] State v. LeBoeuf, No. 2003-K-0366 (La. App. 4th Cir. Mar. 24, 2003) (unpublished); State Rec., Vol. VI of VIII.  Additionally, the state district court subsequently denied petitioner's claims on the merits on May 18, 2004.  State Rec., Vol. I of VIII, minute entry dated May 18, 2004.

[16] State Rec., Vol. VII of VIII.

[17] State *ex rel.* LeBoeuf v. State, 882 So.2d 595 (La. 2004) (No. 2003-KH-1163); State Rec., Vol. VII of VIII.

[18] Rec. Doc. 1.

[19] Rec. Doc. 6.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The state argues that § 2244(d)(1)(A) is applicable in the instant case and that petitioner's federal application is untimely because it was not filed within one year of the date on which his convictions and sentences became final. As noted, on May 30, 1997, the Louisiana Supreme Court denied petitioner's writ application challenging the intermediate appellate court's judgment affirming his convictions and sentences. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year period for seeking federal *habeas corpus* relief commenced no later than August 28, 1997, i.e. ninety (90) days after the Louisiana Supreme Court's judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, he had only until August 28, 1998, to file a federal application for *habeas corpus* relief, unless that deadline was extended through either statutory or equitable tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Two hundred thirty-one (231) days of petitioner's one-year statute of limitations elapsed prior to his filing of his

first post-conviction application on April 17, 1998, the first filing which tolled the running of that period pursuant to 28 U.S.C. § 2244(d)(2). Even if the Court assumes that he timely sought review by the state appellate courts of the subsequent denial of that application,[20] the statute of limitations resumed running no later than December 18, 1998, when the Louisiana Supreme Court denied the related writ application. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769 (5th Cir. 2004) (the AEDPA statute of limitations is tolled for the entire period during which state post-conviction proceedings are "properly in progress").

At that point, petitioner had only one hundred thirty-four (134) days remaining of the one-year statute of limitations. Accordingly, petitioner's federal application had to be filed no later than May 3, 1999,[21] unless the period was again tolled by an appropriate state court filing. However, from December 19, 1998, through May 3, 1999, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to further tolling

---

[20] The state contends that petitioner did not seek timely review of the denial in either the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court. Rec. Doc. 6, p. 4. Additionally, petitioner appears to concede that point. Rec. Doc. 7, p. 4. Nevertheless, the state court record filed with this Court does not conclusively demonstrate the untimeliness of either appellate application. In light of that fact, as well as the fact that petitioner's federal application is clearly untimely regardless, the Court pretermits a lengthy and ultimately unnecessary analysis of the timeliness of those appellate applications and simply assumes, without deciding, that they were timely filed.

[21] The one-hundred-thirty-fourth day actually fell on May 1, 1999. However, because that day was a Saturday, the AEDPA statute of limitations was extended until the end of the following Monday, May 3, 1999. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

of the statute of limitations.[22]  Therefore, petitioner's deadline for filing for federal *habeas corpus* relief expired on May 3, 1999, unless that deadline was further extended by equitable tolling.

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Accordingly, if, as the state argues, § 2244(d)(1)(A) is applicable in the instant case, then petitioner's federal application is clearly untimely.  However, in his opposition to the state's response in this proceeding,[23] petitioner argues that his federal application should be considered timely because his claims are based on newly discovered evidence unknown to him until he received and reviewed the district attorney's file on or about May 25, 2002.  Although not expressly cited by petitioner, 28 U.S.C. § 2244(d)(1)(D) is implicated by that argument.

That provision of law delays the commencement of the one-year AEDPA statute of limitations until "the date on which the factual predicate of the claim or claims presented could have

---

[22]  The Court notes that petitioner filed a second post-conviction application with the state district court in 2002.  However, because that application was filed after the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[23]  Rec. Doc. 7, pp. 4-6.

been discovered through the exercise of due diligence." However, even if § 2244(d)(1)(D) were applicable, that provision does not delay the commencement of the one-year period until the date on which the factual predicate was *actually discovered* by a petitioner; rather, as noted, it delays the commencement of the period only until the date on which the factual predicate *could have been discovered through the exercise of due diligence.* See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); see also Townsend v. Lafler, No. 02-2151, 99 Fed. Appx. 606, 608 (6th Cir. May 14, 2004) (unpublished), cert. denied, ___ U.S. ___, 125 S.Ct. 884 (2005). In the instant case, there is every reason to believe that had petitioner exercised due diligence, he could have discovered the factual predicate of his claims long before May 25, 2002.

Pursuant to Louisiana law, a district attorney's file is subject to disclosure as a public record as soon as the underlying "criminal litigation" is "finally adjudicated or otherwise settled." La.Rev.Stat.Ann. § 44:3(A)(1). In order to give petitioner the benefit of any doubt as to the date on which his "criminal litigation" was "finally adjudicated," the Court will assume that date to be August 29, 1997, the day after the expiration of his period for seeking a writ of certiorari from the United States Supreme Court.[24] Therefore, petitioner could have submitted a public records request to obtain the district attorney's file as early as August 29, 1997.

The only remaining issue relevant to the § 2244(d)(1)(D) analysis is this: If petitioner *had* exercised due diligence and submitted a public records request on or about August 29, 1997,

---

[24] As previously noted, after the Louisiana Supreme Court's judgment on May 30, 1997, petitioner had ninety (90) days within which to file in the United States Supreme Court an application for a writ of certiorari. U.S. Sup. Ct. R. 13(1). The fact that petitioner could still thereafter seek post-conviction relief is of no consequence. "Post conviction relief ... is not 'criminal litigation' within the meaning of the Public Records Act." Lemmon v. Connick, 590 So.2d 574, 575 (La. 1991) (per curiam).

when would he have received a response containing the allegedly favorable evidence[25] which alerted

him to the factual predicate of his claims?  Despite the fact that this Court cannot determine with

absolute certainty the exact date that petitioner would have received a response following a proper

request, the Court is not prevented from finding petitioner's application untimely.

Had petitioner submitted a public records request on or about August 29, 1997, the

district attorney would have had to respond to the request within a reasonable period of time.[26]

However, even if the district attorney would have taken a clearly *unreasonable* amount of time to

respond, petitioner's federal application clearly would still be untimely.  To use an extreme example,

even if the district attorney had taken *three years* to respond to such a public records request

submitted on August 29, 1997, petitioner would have received the file no later than August 29, 2000.

In that overly generous scenario, petitioner's federal statute of limitations would have expired one

year later, on August 29, 2001, years prior to the filing of the instant petition.

In summary, regardless of whether § 2244(d)(1)(A) or § 2244(d)(1)(D) is applicable

in the instant case, petitioner's federal application was untimely when filed on November 12, 2004.[27]

---

[25] Had petitioner submitted a public records request as early as August 29, 1997, there is no reason to believe that the allegedly favorable evidence would not have been produced.  When petitioner eventually sought a copy of the district attorney's file, the evidence was included in the copy provided.

[26]  The Louisiana Public Records Law "does not specify a time within which a written request for copies must be answered.  One infers that a response is due within a reasonable time (considering that, after the request is made, the cost of reproduction must be accurately calculated)." Foster v. Kemp, 657 So.2d 681, 686 (La. App. 1ˢᵗ Cir. 1995); see also La. Att'y Gen. Op. No. 96-303 (July 3, 1996).

[27]  Petitioner signed his application for federal *habeas corpus* relief on November 12, 2004.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Gerald LeBoeuf's petition for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 1st day of November, 2005.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

n.2 (5th Cir. 2003).